1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| JASON BARNARD, | ) | Case No. EDCV 14-833 GW(JC) |
|---|---|---|
| Plaintiff, | ) ) ) | ORDER DISMISSING ACTION |
| v. | ) ) | |
| U.S. GOVERNMENT, | ) ) | |
| Defendant. | ) ) | |

On April 28, 2014, plaintiff, who is at liberty, has paid the filing fee and is proceeding *pro se*, filed a civil rights complaint against the "U.S. Government" in which he repeatedly refers to God/the Holy Spirit, cites scriptures, and asserts, among other things, that (1) "the 8th Amendment has been broken"; (2) he has been "discriminated against" and "sexual[ly] harass[ed]" because in 1986, his "penis [was] measured" and "[t]he length and width of [his] penis" were "seen and heard" "throughout the media"; (3) he has "been the butt end and front end of jokes, . . . ridicule, and fun house for the American people" on "different channels on television"; (4) for "close to three decades," he has been "paralyzed and frightened of" "the world," and "unable to venture out, [having] no friends [and] no employment," and living in "unsafe housing" and being "celibate [for] 18 years";

1

1  (5) he has been "deprived [of] the right to life" under "the 14th Amendment"; and
2  (6) the foregoing constitutes "a total violation of civil rights" under "the 13th
3  Amendment," "involuntary servitude," a "total violation of the 1st Amendment,"
4  "cruel and unusual punishment" under "the 8th Amendment" and a "violation of
5  civil rights" under "the 8th Amendment." He seeks "100 billion dollars" from the
6  U.S. Government.

7      A paid complaint that is "obviously frivolous" does not confer federal subject
8  matter jurisdiction and may be dismissed *sua sponte* before service of process.
9  Franklin v. Murphy, 745 F.2d 1221, 1227 n.6 (9th Cir. 1984) (citations omitted).[1]
10 The court may dismiss a paid complaint *sua sponte* and without notice to the
11 plaintiff if the complaint fails to state a claim and the plaintiff cannot possibly win
12 relief. See Omar v. Sea-Land Service, Inc., 813 F.2d 986, 991 (9th Cir. 1987). A
13 complaint is frivolous if it lacks an arguable basis either in law or in fact. See
14 Neitzke v. Williams, 490 U.S. 319, 325 (1989). Clearly baseless allegations include
15 those that are "fanciful," "fantastic," or "delusional." Denton v. Hernandez, 504
16 U.S. 25, 32-33 (1992). In this case, dismissal is appropriate because the complaint
17 is wholly frivolous.

18     A *pro se* litigant must be given notice of the deficiencies of the complaint and
19 an opportunity to amend the complaint to state a claim unless it is absolutely clear
20 the deficiencies of the complaint cannot be cured by amendment. Karim-Panahi v.
21 Los Angeles Police Dept., 839 F.2d 621, 623 (9th Cir. 1988) (citations, quotations
22 and internal quotations omitted). Dismissal of this action is appropriate because it
23 is clear that the deficiencies of plaintiff's complaint cannot be cured by amendment.
24 Indeed, aside from the fact that the complaint is wholly frivolous, this action against
25 the U.S. Government, is barred by sovereign immunity. See United States v.

---

[1] In addition, "federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'" Hagans v. Lavine, 415 U.S. 528, 536-37 (1974) (citation omitted).

1  Mitchell, 445 U.S. 535, 539 (1980) (United States, as sovereign is immune from
2  suit save as it consents to be sued; waiver must be unequivocally
3  expressed); Jachetta v. United States, 653 F.3d 898, 912 (9th Cir. 2011) (federal
4  sovereign immunity bars civil rights violations claims against United States).
5      IT IS THEREFORE ORDERED that the complaint is dismissed without
6  leave to amend, that this action is dismissed with prejudice, and that judgment be
7  entered accordingly.
8  DATED: May 2, 2014

_____
HONORABLE GEORGE H. WU
UNITED STATES DISTRICT JUDGE